IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RMI ENTERPRISES LIMITED ) <br> LIMITED LIABILITY COMPANY ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> J.L. CHILDRESS CO., INC.; ) <br> BABIES "R" US, INC. ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: 2:14-cv-2622 <br><br> COMPLAINT FOR PATENT <br> INFRINGEMENT <br> DEMAND FOR JURY TRIAL |

## **COMPLAINT**

Plaintiff RMI Enterprises Limited Liability Company ("RMI") for its Complaint for Patent Infringement ("Complaint") against Defendants J.L. Childress Co., Inc. and Babies "R" Us, Inc. (collectively the "Defendants") alleges as follows:

### **NATURE OF THE ACTION**

1. This is an action for Patent Infringement of United States Patent No. 8,732,873 (the "'873 Patent").

### **PARTIES**

2. RMI is a limited liability company organized and existing under the laws of the State of New Jersey with its corporate headquarters located at 32 Cascades Terrace, Branchburg, New Jersey 08876. RMI is a single-member limited liability company whose single member is Rose Marie Iskowitz. Ms. Iskowitz is the inventor of the '873 Patent.

3. RMI is informed and believes that Defendant J.L. Childress Co., Inc. ("Childress") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 644 N. Poplar Street, Unit K, Orange, California 92868. Defendant Childress is a product developer and manufacturer producing a wide range of consumer products typically targeting parents, small children, travel, and families.

4. RMI is informed and believes that Defendant Babies "R" Us, Inc. ("BRU") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One Geoffrey Way, Wayne, New Jersey 07470.

## JURISDICTION

5. This Court has jurisdiction of this case pursuant to 35 U.S.C. §271 and 28 U.S.C. §1331 and 1338(a), in that this case arises under the Patent Laws of the United States, 35 U.S.C. §271, *et seq*.

6. Upon information and belief, this Court has personal jurisdiction over all Defendants because they transact business in this judicial district, including advertising, promoting, offering for sale, and selling their goods at multiple retail locations in the jurisdiction. Upon information and belief, all Defendants are currently advertising, promoting, offering for sale, and selling goods in this jurisdiction using both physical retail sales locations and online sales resulting in shipments of products to customers located within this jurisdiction.

## VENUE

7. Venue is proper in this judicial district under 28 U.S.C. §1391(c) and 28 U.S.C. §1400(b) because Defendants conduct business, and are subject to personal jurisdiction, in this judicial district.

## GENERAL ALLEGATIONS

8. RMI filed its original provisional patent application for the "Dipe n' Go" ® product on May 4, 2007. RMI filed its non-provisional patent application on May 30, 2008.

9. RMI met with representatives of BRU at the ABC Expo Trade Show in Las Vegas, Nevada on September 15, 2009.

10. BRU, through its distributor Distribution Solutions LLC, located at 901 Lincoln Parkway, Plainwell, MI 49080, issued its first purchase order to RMI on February 24, 2010.

11. RMI fulfilled the first purchase order on or about March, 2010.

12. On or about February, 2011, RMI switched manufacture and distributor to Juvenile Solutions. Juvenile Solutions went out of business on or about December, 2011.

13. On or about September, 2012, RMI learned of Childress' product being sold through BRU and other retailers.

14. On January 25, 2013, RMI, through counsel, sent a letter to Childress offering a license of then U.S. Patent Application Serial No. 12/129,680.

15. On February 6, 2013, Michael Lee Gilmore, on behalf of Childress, responded to the January 25, 2013 letter declining RMI's offer to license its patent application and denying infringement of Childress' product.

16. On April 2, 2013, Ms. Iskowitz, on behalf of her company RMI, contacted Jan Childress of Childress regarding the dispute. On May 21, 2013, Jan Childress responded, disregarding any claim that the Childress product may infringe RMI's intellectual property.

17. On June 20, 2013, RMI, through counsel, sent a letter to BRU offering a license of then U.S. Patent Application Serial No. 12/129,680.

18. One June 27, 2013, Sarah Gray, then vice president of Childress, sent a letter to counsel for RMI responding to the June 20, 2013 letter to Toys "R" Us (TRU) and BRU and attached a copy of Mr. Gilmore's February 6, 2013 letter.

19. On May 27, 2014, United States Letters Patent No. 8,732,873 (the "'873 Patent") was issued to Rose Marie Iskowitz, and later assigned to RMI, for an invention of a Portable Baby Change Station for Use in Automobiles.

20. On June 11, 2014, counsel for RMI sent a letter to Michael Lee Gilmore, who upon information and belief represents Childress in a legal capacity.  The June 11, 2014 letter informed Mr. Gilmore of the '873 Patent and included an offer to license the '873 Patent to Childress.

21. On July 7, 2014, Mr. Gilmore responded to the June 11, 2014 letter on behalf of Childress, denying infringement and declining RMI's offer to license the '873 Patent.

22. On August 4, 2014, counsel for RMI responded to Mr. Gilmore's July 7, 2014 letter, indicating Childress' flawed non-infringement position and reoffering to license the '873 Patent to Childress.  RMI has received no response.

23. Also on August 4, 2014, counsel for RMI sent a letter to BRU offering to license the '873 Patent to BRU.  RMI has received no response.

24. On or about October 2014, BRU appeared to have removed the infringing product from its online store.

25. Upon information and belief, Childress continues to sell its infringing product through various retailers.

26. Upon information and belief, BRU continues to sell its infringing product through physical retail store locations.

## COUNT I
## INFRINGEMENT OF U.S. PATENT 8,732,873

27. RMI repeats and realleges paragraphs 1 through 26 above as if specifically incorporated herein.

28. RMI is the owner by assignment of U.S. Patent No. 8,732,873 (the "'873 Patent")(Exhibit A). The patent describes and broadly claims a method of using a baby changing station in a motor vehicle. Broadly stated, the method by which a baby changing station comprising three or more foldable portions is temporarily affixed to a vertical structure of a vehicle and is then unfolded to be used to change a diaper.

29. Upon information and belief, in violation of 35 U.S.C. §271, Defendants have made, used, sold, offered for sale, and/or imported into the United States products that infringe one or more claims of the '873 Patent. Defendants have directly infringed, induced infringement of, and/or contributed to the infringement of one or more claims of the '873 Patent, both literally and under the doctrine of equivalents.

30. Defendants' infringing conduct will continue unless enjoined by this Court.

31. As a result of Defendants' infringing activities, RMI has been and continues to be damaged.

32. Defendants were provided with prior notice of infringement. Upon information and belief, Defendants have willfully infringed the '873 Patent, making this an exceptional case and justifying the assessment of treble damages pursuant to 35 U.S.C. §284 and attorney fees pursuant to 35 U.S.C. §285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RMI prays for a judgment against Defendants Childress and BRU as follows:

A.  That the '873 Patent be adjudged to be infringed by Defendants;

B.  That a permanent injunction issue against continued infringement of the '873 Patent by Defendants, their parents, subsidiaries, principals, owners, directors, officers, employees, agents, affiliates, consultants, contractors, and all those in privity or acting in concert with them, including, but not limited to, an injunction against the making, using, offering, selling, or importing of products that infringe the '873 Patent, including the Childress "Diapering Station To-Go";

C.  That RMI be awarded damages against Defendants, jointly and severally, for infringement of the '873 Patent and that such damages be trebled under 35 U.S.C. §284 due to the willful and deliberate nature of the infringement;

D.  For an award of prejudgment and post-judgment interest on the above damages award;

E.  For an award of costs and reasonable attorneys' fees under 35 U.S.C. §285 and other applicable laws; and

F.  For such other and further relief, at law and in equity, as the Court may deem just and proper.

## JURY DEMAND

RMI Enterprises Limited Liability Company requests a jury trial on all issues triable of right by a jury.

## DESIGNATION OF PLACE OF TRIAL

RMI Enterprises Limited Liability Company designates Kansas City, Kansas as place of trial.

Date:   December 12, 2014                          Respectfully submitted,

   /s/Christopher M. DeBacker
Christopher M. DeBacker, #24094
chris@midwestip.com
Mark Brown, #9638
mark@midwestip.com
LAW OFFICE OF MARK BROWN, LLC
7225 Renner Rd., Suite 201
Shawnee, KS 66217
Telephone: (913) 248-4477
Facsimile:  (913) 248-4494


Douglas D. Silvius, #13465
Martin, Pringle, Oliver, Wallace & Bauer, LLP
4700 Belleview, Suite 210
Kansas City, MO 64112
P: (816) 753-6006     F: (816) 502-7898
ddsilvius@martinpringle.com